UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                                          Chapter 7

YVES DARBOUZE, II, d/b/a PLOT                            Case No.: 16-41460 (ESS)
COMMERCE INC. d/b/a CHARGED.fm

        Debtor.
-------------------------------------------------------------x

### STIPULATED PROTECTIVE ORDER AUTHORIZING TRUSTEE TO TURN OVER DOCUMENTS TO CERTAIN CREDITORS OF THE DEBTOR'S ESTATE

THIS STIPULATED PROTECTIVE ORDER ("Agreement") is made as of the ___ day of January, 2017 by and between the Chapter 7 Trustee of the Chapter 7 Bankruptcy Estate of Yves Darbouze (the "Trustee"), Ticket Network, Inc. ("TNI"), and Anthony Giovanniello ("Giovanniello").

WHEREAS, on April 6, 2016 (the "Filing Date"), Yves Darbouze, II (the "Debtor") filed a voluntary petition (the "Petition") for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court");

WHEREAS, the Trustee was appointed as the interim Chapter 7 Trustee of this estate and has since duly qualified and is the permanent Chapter 7 Trustee;

WHEREAS, on August 18, 2016, the Trustee filed on presentment the *Motion of Chapter 7 Trustee Seeking Entry of an Order, Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure Directing the Production of Documents by and the Examination of the Debtor, Bernice Darbouze, Richard Levychin, Kahn Boyd Levychin, LLP d/b/a KBL, LLP and Vendini, Inc., by Person(s) with Knowledge* [Dkt. No. 32] (the "2004 Motion"). By the 2004 Motion, the Trustee sought an Order of the Bankruptcy Court authorizing him to issue subpoenas on the Debtor, Bernice Darbouze, Richard Levychin, Kahn Boyd Levychin, LLP d/b/a KBL, LLP and Vendini, Inc. (collectively, the "Witnesses"), among others;

WHEREAS, on October 7, 2016, the Bankruptcy Court entered an Order granting the 2004 Motion and authorizing the Trustee to serve subpoenas on the Witnesses;

WHEREAS, on November 2, 2016, the Trustee served subpoenas on the Witnesses;

WHEREAS, the Trustee has received documents from the Witnesses in response to the Subpoenas (the "Documents");

WHEREAS, the Documents contain Confidential Information, as that term is hereinafter defined;

WHEREAS, TNI and Giovanniello are creditors of the Debtor's estate, each having filed a claim against the Debtor in excess of $1 million (collectively the "Creditors"). The Creditors wish to review the Documents; and

WHEREAS, the Trustee wishes to keep confidential the Confidential Information and as a condition precedent to disclosing the Documents and has requested that the entry of this Stipulated Order.

NOW, THEREFORE, in consideration of the foregoing premises, the mutual covenants contained herein, the incorporation of the above paragraphs and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, intending to be legally bound, do hereby agree as follows:

1. <u>Definition of Confidential Information</u>. For purposes of this Agreement, "Confidential Information" shall mean any information or data, whether written, oral, or electronic, and not generally known to the public or the party receiving such information, whether in oral or written or machine readable or any other form, whether or not labeled or identified as confidential or proprietary. Confidential Information may include personally identifiable information of any kind as defined in 11 U.S.C. § 101(41)(A), data, reports, electronic information, business records, financial information and/or projections, surveys, plans and specifications, plans and drawings, and information about the Debtor and/or Plot Commerce, or its affiliates.

2. <u>Obligations of the Receiving Party</u>. Any Confidential Information disclosed by the Trustee to the Creditors shall be maintained, used, disclosed and otherwise handled by the Creditors in strict compliance with this Section 2.

The Creditors shall not disclose or disseminate Confidential Information to any person, entity, organization or otherwise except that the Creditors may disclose the Confidential Information to its undersigned attorneys who have a need to receive such Confidential Information in order for the Creditors to reasonably and effectively evaluate the Documents.

The Creditors shall use commercially reasonable efforts to secure the Documents and all copies, notes and records thereof (including electronic or digital copies) with restricted access to the same. The Creditors may utilize documents and information produced by the Trustee including in connection with any court proceeding provided that the Creditors take reasonable and customary actions to protect Confidential Information.

Once the Creditors' investigation or litigation regarding the Debtor ceases, the Creditors shall return to the Trustee or, with the Trustee's consent, destroy all written Confidential Information, and all copies, notes and records thereof (including electronic or digital copies).

3. <u>Required Disclosure of Confidential Information</u>. Disclosure of Confidential Information by the Creditors shall not be precluded by this Agreement if such disclosure is:

(a) made in response to a valid order of a court of competent jurisdiction or other governmental body of the United States or any political subdivisions thereof of competent jurisdiction; or

(b) made otherwise as required by law in the reasonable opinion of the Creditors.

Under either section 3(a) or (b), the Creditors shall provide the Trustee with at least ten (10) days' notice prior to the Creditors' disclosure of Confidential Information. The Creditors shall not produce the Confidential Information: (i) without first obtaining an Order of the Bankruptcy Court authorizing such disclosure, and (ii) until any motion to quash filed by the Trustee is fully adjudicated.

4.     Exclusions from Confidential Information.  The obligations set forth in Section 2 hereof shall not apply to any information or data that would constitute Confidential Information but that is:

     (a)  publicly known at the time of disclosure through no fault of the Creditors;

     (b)  learned through a third party who is not otherwise restricted from disclosing the same; or

     (c)  disclosed by the Creditors with the Trustee's prior written approval.

5.     Term and Termination.  The term of this Agreement shall commence on the date the parties have executed it and shall continue until the date that the Debtor's bankruptcy case is closed and/or the Creditors' investigation of the Debtor is complete.

6.     Further Agreement Between Parties.  If the parties decide to enter into any other arrangement regarding any Confidential Information, it shall only be done on the basis of a separate written agreement between them and this Agreement shall be automatically incorporated into such agreement.

7.     Limitation of Liability for Trustee/Indemnification/Damages.  The Trustee under no circumstance shall be liable to any party or third party for any action taken in compliance with this Order and/or any disclosure of Confidential Information by any Creditor. The Creditors hereby agree to indemnify (including attorneys fees and costs incurred), and hold harmless, the Trustee for any breach of this Agreement by such Creditor. In the event of a breach, the Trustee shall be entitled to recover from the breaching Creditor all of the Trustee's damages allowable herein, including his reasonable attorneys' fees and litigation costs. The parties agree that monetary damages for breach of any obligation under this Agreement may not be adequate and that the Trustee shall be entitled to injunctive relief in addition to any other available remedies without the necessity of posting a bond.

8.     Applicable Law and Jurisdiction.  This Agreement shall be construed in accordance with the laws of the State of New York without regard to its conflict of law provisions. The Bankruptcy Court shall have exclusive jurisdiction to resolve any dispute in connection with this Agreement.

9.     Severability.  If any term or provision of this Agreement shall be held to be invalid or unenforceable for any reason, such term or provision shall be ineffective to the extent of such invalidity or unenforceability without invalidating the remaining terms and provisions hereof, and this Agreement shall be construed as if such invalid or unenforceable terms or provisions had not been contained herein.

10. <u>Integration</u>.  This Agreement expresses the complete understanding of the parties with respect to the subject matter hereof and supersedes all prior proposals, agreements, representations and understandings, whether written or oral.

11. <u>Binding Effect; Benefits</u>.  This Agreement shall inure to the benefit of and be binding upon the parties hereto and their permitted respective successors, assigns and legal representatives. Nothing in this Agreement, express or implied, is intended to confer on any person other than the parties hereto, or their respective successors or permitted assigns, any rights, remedies, obligations or liabilities under or by reason of this Agreement.

12. <u>Miscellaneous</u>.  The section headings of this Agreement are for convenience of reference only and do not form a part hereof and do not in any way modify, interpret or construe the intentions of the parties.  This Agreement may be executed in one or more counterparts each of which when so executed and delivered shall be deemed an original.  Each of the parties to this Agreement shall be entitled to rely upon facsimile or Portable Document Format (PDF) counterparts of this Agreement executed by the other party with the same force and effect as if such facsimile or PDF counterpart were the ink signed original counterpart.  This Agreement may only be modified or altered by a written amendment executed by both parties.

[*Signature on Following Page*]

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly signed as of the day and year first above written.

| Chapter 7 Trustee of the Chapter 7 Bankruptcy Estate of Yves Darbouze | Ticket Network, Inc. ("TNI"), |
|---|---|
| By *s/David A. Blansky*<br>   Name: David A. Blansky, Esq.<br>         LaMonica Herbst & Maniscalco, LLP<br>   Title: Attorneys for Gregory Messer, the<br>         Chapter 7 Trustee of the estate of<br>         Yves Darbouze | By *s/Patrick M. Birney*<br>   Name:  Patrick M. Birney, Esq.<br>   Title:   Counsel for TNI |

By *s/Curtis M. Plaza*
Name: Curtis M. Plaza, Esq.
Title: Counsel for Anthony Giovanniello